IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
|    *Plaintiff*, ) | |
| ) | Case No. 17 CR 50060-1 |
| v. ) | |
| ) | Magistrate Judge Iain D. Johnston |
| Demontrion Phillips, ) | |
| ) | |
|    *Defendant*. ) | |

## REPORT AND RECOMMENDATION

Before the Court is Defendant's, Demontrion Phillips', Motion to Dismiss [38].[1] The government has responded [40], and Defendant has replied [42]. For the reasons stated below, it is this Court's Report and Recommendation that Defendant's Motion [38] be denied. Any objection to this Report and Recommendation shall be filed with the District Judge by March 26, 2018. Failure to object may constitute a waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260 (7th Cir. 1989).

## STATEMENT

On August 22, 2017, Defendant was indicted for armed bank robbery. Dkt. 2. The robbery was alleged to have occurred on July 17, 2017. An arrest warrant was issued the same day. Dkt. 5. However, Defendant was not arrested until September 5, 2017. Dkt. 33. Defendant was arraigned on the original indictment the same day as his arrest on September 5, 2017. Dkt. 10.

On December 19, 2017, Defendant was charged by superseding indictment with armed bank robbery and a new count of bank robbery. Dkt. 21. The newly added bank robbery was alleged to have occurred on June 13, 2017. Defendant was arraigned the following day on December 20, 2017. Dkt. 25.

Defendant seeks dismissal of the charges against him, alleging that he was not indicted in a timely matter. Defendant points out that the alleged offenses occurred in June and July 2017, but he was not indicted until August 2017. Defendant cites numerous cases, but none of them support his position.

---

[1] Defendant is representing himself *pro se*, along with court-appointed standby counsel.

The Speedy Trial Act requires: "Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was *arrested or served with a summons in connection with such charges*." 18 U.S.C. § 3161(b) (emphasis added).

Defendant asserts he was arrested on state charges on July 19, 2017, and that this started the 30-day period under the Speedy Trial Act. This is incorrect. Defendant admits he was arrested on a warrant from Kankakee County. Even if these are related state-court charges, Defendant was not taken into custody in connection with the indictment in this case until September 5, 2017. *See United States v. Janik*, 723 F.2d 537, 542 (7th Cir. 1983) (finding that an arrest by state officers on state charges does not start running of 30-day period in 18 USCS § 3161).

Additionally, Defendant claims that the FBI was gathering evidence against him since his arrest on July 19, 2017 and that the state arrest was a ruse to detain him until federal charges were filed. Again, the 30-day timeline does not start until defendant is arrested on the federal charges pending in this case. *See* 18 U.S.C. § 3161(b); s*ee also United States v. Clark*, 754 F.3d 401, 405-06 (7th Cir. 2014) ("The decision of state officials to arrest someone because he is wanted for conduct in violation of state law does not force the federal government to initiate whatever proceedings it might bring for the same underlying conduct at the same moment."). Moreover, Defendant has not shown that the pending state charges were a mere ruse, regardless of what investigation the FBI was conducting.

Defendant also seeks dismissal because he was not arraigned on the original indictment within 48 hours of being indicted. Local Criminal Rule 10.1 states the following: "Following the filing of an indictment or information the clerk shall promptly enter a minute order setting the date of arraignment. Where the defendant is not in custody, the arraignment shall be conducted on or before 7 days after the date of filing, unless the judge to whom the case is assigned orders that the arraignment shall be held within a shorter period of time. *Where the defendant is in custody, the arraignment shall be set for no later than the second business day following such filing.*" (emphasis added).

Here, defendant was not in federal custody until September 5, 2017, the same date he was arraigned. Accordingly, the Court does not find any violation of this local rule or any support to dismiss Defendant's indictment.

Accordingly, it is this Court's Report and Recommendation that Defendant's Motion to Dismiss [38] be denied. Any objection to this Report and Recommendation shall be filed with the District Judge by March 26, 2018. Failure to object may constitute a waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260 (7th Cir. 1989).

The Court reiterates that Defendant may seek the appointment of counsel if he cannot afford to hire counsel to represent him.

Date: March 12, 2018        By: _____
                                Iain D. Johnston
                                United States Magistrate Judge